UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

IN RE:   Tracey A. Long,         )   Case No.: 15-13278
                Debtor.          )   Chapter 7

DEBTORS' OBJECTION TO MOVANT
U.S. BANK, N.A., SUCCESSOR TRUSTEE TO LASALLE BANK NATIONAL
ASSOCIATION, ON BEHALF OF THE HOLDERS OF BEAR STEARNS
ASSET BACKED SECURITIES I TRUST 2005-HE1, ASSET-BACKED CERTIFICATES
SERIES 2005-HE1, MOTION TO FOR RELIEF FROM THE AUTOMATIC STAY
AND ABANDONMENT OF PROPERTY AND BRIEF IN SUPPORT

The above-captioned debtor objects to the Movant's Motion for Relief from the Automatic Stay and Request for Abandonment of Property, and pray this Court deny its Request for Relief from the Stay and deny the Request for Abandonment of Property, and in support hereof, would show as follows:

1. Debtor filed a petition for relief under Chapter 13 on August 28, 2015, and converted to Chapter 7 on November 4, 2015.

2. Movant filed their Motion on December 14, 2015.

3. Debtor listed the home at 3209 Del Rancho Dr., Del City, OK 73115 as her home and residence and claimed the same as exempt on Schedule C

4. Debtor admits she is behind, but believes she will be current within thirty days.

BRIEF IN SUPPORT OF DEBTORS' OBJECTION

Debtor has resided at the subject realty and listed same in her Petition in Bankruptcy as her primary place of residence. Under 11 U.S.C. § 522 (b)(2) and 31 O.S. § 2, a debtor is permitted to exempt their primary place of residence from general execution and liquidation.

Debtor urges that under Section 522(a)(2) of the United States Bankruptcy Code, the fair market value of the realty in question is a determination that is based upon value that is deemed

to have existed at the time of the filing of the petition. Moreover, the fair market value is calculated as the sum that would be sought by a capable and diligent businessman from a buyer who is willing to purchase under ordinary selling conditions. Under that definition, debtor urges the Court that the fair market value of the said realty to be $62,613.00 at the filing of the petition.

In the case of *In Re: Rogalin*, 192 B.R. 253 (W.D. Okla 1996) which applied the holding in *Dallas Ceramic Co. v. Morgan*, 560 P.2d 197, 200 (Okla. 1977), the Court held that a debtor's interest in realty is the "fair market value" less outstanding encumbrances. The debtor relies on this definition of value and assert that this is the controlling measure of the debtors' interest in her homestead. In *Henderson v. Henderson*, 33 B.R. 149 (Bkrtcy D.N.M 1982) the Court considered § 522 (a)(2) and held that the standard set forth *In Re Nellis*, 12 B.R. 770 (Bkrtcy. D. Conn 1981) should be used when the property of the debtor is appraised. The standard that the *Nellis* Court set forth is:

> what can be realized out the assets within a reasonable time either through collection or sale at the regular market value, conceiving the latter as the amount which could be obtained for the property in question within such period by a capable and diligent businessman from an interested buyer who is willing to purchase under ordinary selling conditions. Id at 772.

Based on the foregoing facts and the standard expressed in 522 and 362, Debtor objects to the Movants' Motion for Relief from Automatic Stay and Motion for Abandonment of Property and urges the Court to deny Movant's requested relief, grant any other relief deemed just and proper.

        s/Christopher A. Wood
        Christopher A. Wood, OBA#12936
        CHRISTOPHER A. WOOD & ASSOCIATES, P.C.
        1303 N. Western
        Oklahoma City, OK 73106
        cawlaw@hotmail.com
        (405) 525-5005 Telephone
        (405) 521-8567 Facsimile
        Attorney for Debtor, Tracey A. Long