UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| William Lady | ) | Case No.  15-15151 |
| | ) | |
| Debtor | ) | Chapter 13 |
| | ) | |

### AMENDED OBJECTION TO PROOF OF CLAIM  OF WELLS FARGO, N.A., a/k/a OCWEN

COMES NOW, William Lady, and objects to the proof of claim filed by Wells Fargo Bank National Association, aka OCWEN, (Claim #1 on the Claims Register), on the following grounds:

I

### THE CLAIM WAS IMPROPERLY FILED

### AFTER THE FILING DEADLINE IN VIOLATION OF FRBP 3002(c)

The petition was filed on December 18, 2014. Wells Fargo N.A. did not file it's claim until August 17, 2015.

Pursuant to FRBP 3002(c), the deadline for filing a valid proof of claim expires 90 days after the first date set for The Meeting of Creditors.  The First ate set for the Meeting of Creditors was January 22, 2015.  Therefore, the filing deadline expired on April 22, 2015. Wells Fargo's claim was filed nearly 4 months after the deadline expired.

FRBP 3002(c) states, in pertinent part:

> **"(c) Time for Filing. In a …. chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors…"**

Therefore, The claim should be stricken because it was improperly filed.

II

## THE CLAIM IS INVALID ON ITS FACE [FRBP § 3001]

The 2009 security instrument which Wells Fargo N.A. has proffered as evidence of indebtedness directly conflicts with the amounts reported as owed. According terms of the note, the amount borrowed on January 7, 2009 was $79,112.75, payable over 28 years, interest rate 4.64%, with fixed payments of $419.81.

However, Wells Fargo's arrears claim incorrectly states the monthly payment amount as $822.80, with a payment arrears total for missed payments at $28,798 (37% of the note value). In addition, Wells Fargo charges Debtor with: a) six (6) separate broker price opinion fees without proof or evidence of any valuation reports; b) fourteen (14) separate property inspection charges [Debtor was living in the house and reports no inspections whatsoever]; c) forced-placement escrow charges without proof of insurance or payment of tax records; d) Unreasonable attorney fee amounts of $3594.78.

For a claim to be deemed a valid claim in a Chapter 13 Bankruptcy case, the claim must substantially comply with FRBP § 3001 which states, in pertinent part:.

> "….(C) If a security interest is claimed in property that is the debtor's principal residence, the attachment prescribed by the appropriate Official Form shall be filed with the proof of claim. If an escrow account has been established in connection with the claim, an escrow account statement prepared as of the date the petition was filed and in a form consistent with applicable nonbankruptcy law shall be filed with the attachment to the proof of claim.

> (D) If the holder of a claim fails to provide any information
> required by this subdivision (c), the court may, after notice
> and hearing, take either or both of the following actions:
>> (i)  preclude the holder from presenting the omitted
>>      information,in any form, as evidence in any
>>      contested matter or adversary proceeding in the case,
>>      unless the court determines that the failure was
>>      substantially justifiedor is harmless; or
>> (ii) award other appropriate relief, including reasonable
>>      expenses and attorney's fees caused by the failure

Based upon the supporting documentation of Wells Fargo and OCWEN, the claim is invalid on its face because, other than the original note, the charges alleged against Debtor's account are simply internal invoices drafted by Wells Fargo's servicer, OCWEN, which are certainly not "non-Bankruptcy" documentation as specified by the rule above. OCWEN merely presented the bill to Wells Fargo which, in turn, filed it with this court as valid claim when, if fact, the claim is substantially lacking any valid "non-Bankruptcy" supporting documentation whatsoever. It is unreasonable to assume that this court, nor any Debtor nor any Attorney could possibly determine, based upon the non-Bankruptcy evidence, what a valid claim should be. For the claim to be valid, the creditor must attach to it, for example, signed Invoices from the individuals who allegedly performed 8 property inspections, rendered 14 separate Broker price opinions in 2 years, tax payment records by Wells Fargo NA, insurance policy riders and premiums paid, etc.

Therefore, Debtor objects to the claim, and respectfully requests that it be stricken from the case docket so that Debtor's reorganization can proceed as soon as possible, for reasonable Attorney Fees and costs and for what further relief the court deems just..

Respectfully submitted this 8 day of December, 2016 by:

<u>/s/ Alexander Hilton</u>
Alexander Hilton 147289CA
6440 Avondale Drive, Suite 201
Oklahoma City, OK 73116
T. 405-625-1525  F. 405-260-9711
bklawokc@gmail.com
Attorney For Debtor

## NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document**. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A McGee Avenue, Oklahoma City, Oklahoma 73102  no later than 14 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. **The 14 day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

## NOTICE OF HEARING TO BE
## HELD IF A RESPONSE IS FILED

**Notice is hereby given that if a response to the Objection to Claim is filed, the hearing on the matter will be held on January 12, 2016, at 9:45 A.M. in the Second floor Courtoom of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102. If no response is timely filed and the court grants the requested relief prior to the above-referenced hearing date, the hearing will be stricken from the docket of the Court.**

## CERTIFICATE OF SERVICE

I, Alexander Hilton, hereby certify that on November 12, 2015, a true and correct copy of Objection to Claim was served electronically by CM/ECF upon the following interested parties:

**U.S. Trustee: Ustpregion20.oc.ecf@usdoj.gov**

**John T. Hardeman:13trustee@chp13okc.com, trustee@chp13okc.com**

**Jim Timberlake: bmyers@baer-timberlake.com;kjones@baer-timberlake.com;**

**cbogle@baer-timberlake.com**

I, Alexander Hilton, further certify that on November 12, 2015, a true and correct copy of Objection to Claim was served by regular United States mail, First Class, Postage Pre-Paid to the following list interested parties and all creditors listed on the attached creditor list:

**Wells Fargo Bank National Association**
**c/o Ocwen Loan Servicing, LLC**
**Attn: Bankruptcy Department**
**P.O. BOX 24605**
**West Palm Beach, FL 33416-4605**

_____

**Wells Fargo Home Mortgag**
**8480 Stagecoach Circle**
**Frederick, MD 21701**

**/s/ Alexander E. Hilton, II**
**Alexander E. Hilton, II 147289CA**
**A. E. Hilton & Associates**
**6440 Avondale Drive, Suite 201**
**Oklahoma City, OK 73116**
**405-625-1525  Fax:405-260-9711**
**bklawokc@gmail.com; alex@bankruptcylawgroup.info**